IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| GREGORY WAYNE CULLAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:19-cv-00027-O-BP |
| § | |
| ANDREW M. SAUL, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 22. After reviewing the record and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Motion.

**I.      BACKGROUND**

Plaintiff's counsel, David F. Chermol, Esq., filed the Complaint in this case on March 20, 2019, seeking reversal of an adverse decision of the Commissioner under 42 U.S.C. § 405(g). ECF No. 1. The Commissioner answered the Complaint and filed the administrative record on June 18, 2019. ECF Nos. 8 and 10. By order entered the next day, the Court ordered the parties to file briefs, and Plaintiff filed his brief on July 18, 2019. ECF Nos. 11 and 12. On August 14, 2019, the Commissioner filed his Unopposed Motion to Remand, which the undersigned recommended that Judge O'Connor grant in Findings, Conclusions, and Recommendation entered on August 16, 2019. ECF Nos. 13 and 14. Judge O'Connor accepted the Findings, Conclusions, and Recommendation, reversed the decision of the administrative law judge at issue, and remanded the

case to the Commissioner for further administrative action by order entered on October 28, 2019. ECF No. 18.

Plaintiff filed an Unopposed Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") on January 3, 2020, which the undersigned recommended Judge O'Connor grant by Findings, Conclusions, and Recommendation entered on August 19, 19, 2020. ECF No. 19 and 20. By order dated September 3, 2020, Judge O'Connor granted the motion and awarded Plaintiff, in care of his attorney Mr. Chermol, $8,106.00 in attorney fees and $400.00 in costs. ECF No. 21.

The Commissioner entered his Notice of Award on October 3, 2020, which awarded Plaintiff past due benefits and withheld $20,339.50 for attorney fees. ECF No. 22-1. In his pending motion, Plaintiff seeks to recover those withheld attorney fees, which represent 25% of Plaintiff's past-due benefits. ECF No. 22 at 1. Mr. Chermol requests that the Court order him to return to Plaintiff the $8,106.00 attorney fee award previously entered under the EAJA. The undersigned notes that this amount would provide for Mr. Chermol retaining the $400.00 in court costs previously awarded as part of the EAJA award. *See* ECF No. 21.

In the Retainer and Fee Agreement between Plaintiff and Mr. Chermol's law firm dated December 28, 2018, Plaintiff agreed to pay the firm 25% of all past due benefits awarded on his account after an appeal to the Appeals Council, such as occurred in this case. ECF No. 22-2 at 1. Plaintiff also agreed to pay the firm costs and expenses upon receipt of payment from the Social Security Administration. *Id.* Mr. Chermol's Statement of Attorney Time Expended indicates that he spent 48.7 hours in representing Plaintiff in this case, which he voluntarily reduced to 42 hours in his motion for attorney fees under the EAJA, and incurred $400.00 in court costs. ECF No. 22-3. The Statement also describes in some detail Mr. Chermol's substantial experience in representing claimants such as Plaintiff in cases like this one. *Id.* at 1-2. It reflects that Mr. Chermol

charges $595.00 an hour for non-contingent fee work. *Id.* at 4. Given the amount of the withheld attorney fee and the time that Mr. Chermol devoted to the case, his approximate effective hourly rate represented by the fee request is $417.65.

In his response to the motion, the Commissioner "respectfully declines to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not the true party in interest." ECF No. 23 at 1.

## II.   LEGAL STANDARDS AND ANALYSIS

Under the Social Security Act,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). Although this provision does not take the place of an agreed fee arrangement between attorney and client, it does provide "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Thus, contingent fee contracts that provide for fees in excess of 25% are unenforceable, and an attorney seeking to recover a fee still must show that the fee is reasonable. *Id.* at 807-08. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

The Fifth Circuit has recognized a number of factors the Court should consider in evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes,

3

value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter*, 622 F.3d at 381-82. Although the courts often use the lodestar method for evaluating the reasonableness of attorney fees, particularly in cases in which a statute provides for shifting responsibility for payment of the fees, this method does not apply to an application for attorney fees under § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 801-02.

In this case, the factors support an award of attorney fees to Mr. Chermol in the amount requested. Mr. Chermol faced a significant risk of not recovering any fee when he agreed to represent Plaintiff. "[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

The file reflects that Mr. Chermol specializes in Social Security disability cases, has a nationwide practice, and has many years of experience in this area. ECF No. 22-3 at 1-2. The fact that Plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues Mr. Chermol confronted in pursuing the case in this Court. *Adrienne W. v. Saul*, No 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020).

Plaintiff agreed to the 25% fee requested in the pending motion, and this percentage is within the limit provided by law. Plaintiff recovered substantial past-due benefits and will continue to receive benefits until 67 if he remains disabled and higher retirement benefits at that time. *See*

ECF No. 22 at 3-4. Mr. Chermol asserts that the value of his efforts for the Plaintiff exceeds $130,000.00. *Id.* at 4.

The effective hourly rate for Mr. Chermol in this matter is more than the regular and customary hourly rate usually charged by experienced civil trial lawyers in this Division. However, the undersigned concludes that $417.65 per hour is reasonable in this case given the contingent fee contract between Plaintiff and Mr. Chermol's firm, the specialized nature of the engagement, Mr. Chermol's experience and expertise in this area of the law, and the result obtained.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 22) and **AWARD** David F. Chermol, Esq., attorney fees in the amount of $20,339.50 under 42 U.S.C. § 406(b). The Court also should **ORDER** the Commissioner to certify and disburse this amount from Plaintiff's past-due benefits to Plaintiff's counsel and **ORDER** Plaintiff's counsel to promptly return to Plaintiff the $8,106.00 attorney fee award previously entered under the Equal Access to Justice Act.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 8, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE